**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 99-7044**

―――――――――

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOHNEY FREEMAN, a/k/a Johnny Freeman, a/k/a
Johnny, a/k/a Mr. J, a/k/a J,

Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. J. Calvitt Clarke, Jr., Senior District Judge. (CR-88-76-N)

―――――――――

Submitted: December 14, 1999          Decided: January 5, 2000

―――――――――

Before MURNAGHAN, LUTTIG, and MOTZ, Circuit Judges.

―――――――――

Dismissed by unpublished per curiam opinion.

―――――――――

Johney Freeman, Appellant Pro Se. Charles Dee Griffith, Jr., OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Following a jury trial, Johney Freeman was convicted of various drug-related offenses, including operating a continuing criminal enterprise. On November 21, 1988, the district court sentenced him to life plus twenty years in prison. We affirmed his conviction and sentence. See United States v. Harris (L), No. 88-5663 (4th Cir. Feb. 26, 1990) (unpublished). Freeman now attempts to file a second direct criminal appeal pursuant to 18 U.S.C. § 3742 (1994).

We lack jurisdiction to consider the merits of the appeal, however, because it is untimely. Criminal defendants have ten days from the entry of the judgment or order at issue to file a notice of appeal. See Fed. R. App. P. 4(b). The appeal periods established by Rule 4 are mandatory and jurisdictional. See Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978). Freeman filed his notice of appeal in July 1999, more than ten years outside the appeal period.

Freeman's untimely appeal deprives this court of jurisdiction to consider the merits of the appeal. We therefore deny the motion for preparation of a transcript at government expense and dismiss the appeal.[*] We dispense with oral argument because the facts and

---

[*] To the extent that Freeman intended, by way of his notice of appeal, to file a motion under former Fed. R. Crim. P. 35(a), such a motion is properly filed in the district court. To the extent that Freeman intended to file a successive 28 U.S.C.A. § 2255 (West

2

legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

Supp. 1999) motion, he first must seek authorization from this court to do so.  See 28 U.S.C.A. § 2244 (West Supp. 1999).